KEVIN V. RYAN (CASBN 118321)
United States Attorney

EUMI L. CHOI (WVSBN 0722)
Chief, Criminal Division

ROBERT DAVID REES (CASBN 229441)
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102
Telephone: (415) 436-7210
Fax: (415) 436-7234
Email: robert.rees@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>           )<br>     Plaintiff, )<br>           )<br>     v. )<br>           )<br>           )<br>JULIAN SALINAS-MONROY, )<br>           )<br>     Defendant. )<br>_____ ) | No. CR 06 0003 JSW<br><br>STIPULATION AND [PROPOSED] ORDER EXCLUDING TIME BETWEEN APRIL 20, 2006 AND JULY 20, 2006 FROM THE SPEEDY TRIAL ACT CALCULATION (18 U.S.C. § 3161(h)(8)(A)) |

The parties appeared before the Court on April 20, 2006.  On that date, the Court entered an order referring the parties to a settlement conference before Chief Magistrate Judge Larson. This order documents an exclusion of time under the Speedy Trial Act, 18 U.S.C. § 3161(b) from April 20, 2006 to July 20, 2006, and sets the matter for a status hearing on July 20, 2006.  The Court finds and holds, as follows:

1. Due to the parties' request and with the defendant's consent, the parties were referred to Chief Judge Larson for a settlement conference on April 20, 2006.  The parties met on June 13, 2006 and on July 6, 2006 pursuant to that referral.

2. Defendant agrees that, due to defense counsel unavailability, to the need to draft settlement conference statements, and to research and make motions in state court with respect to

1 the defendant's prior criminal convictions, a speedy trial exclusion is appropriate to provide
2 effective preparation of counsel and for continuity of counsel. Similarly, the defendant agrees
3 that his pending motion to relieve current counsel makes a speedy trial exclusion appropriate in
4 these circumstances.

5     3. Given these circumstances, the Court finds, with the consent of the defendant, that the
6 ends of justice served by excluding the period from April 20, 2006 to July 20, 2006 outweigh the
7 best interest of the public and the defendant in a speedy trial. § 3161(h)(8)(A). The Court also
8 finds that a speedy trial exclusion extends throughout the pendency of the defendant's motion to
9 relieve current counsel. § 3161(h)(1)(F).

10     4. Accordingly, and with the consent of the defendant, the Court orders that the period
11 from April 20, 2006 to July 20, 2006 be excluded from Speedy Trial Act calculations under 18
12 U.S.C. § 3161(h)(8)(A) & (B)(iv).

13     5. The parties are hereby ordered to appear before this Court on Thursday, July 20, 2006
14 at 2:30PM for a status hearing.

16     IT IS SO STIPULATED:

18 DATED: July 11, 2006                _____/s_____
                                           ERIC SAFIRE, ESQ.
19                                            Attorney for Defendant

21 DATED: July 10, 2006                _____/s_____
                                           ROBERT DAVID REES
22                                            Assistant United States Attorney

24     IT IS SO ORDERED.

26 DATED: July 17, 2006                *[signature: Jeffrey S. White]*
                                             HON. JEFFREY S. WHITE
27                                            United States District Judge